UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>WILLIE E. CARLISLE,<br>    Debtor | * * * * | CHAPTER 7<br><br>Case No. 1-03-06897 |
| WILLIE E. CARLISLE,<br>    Plaintiff<br><br>v.<br><br>JEFFREY D. EPPLER, THOMAS MARSDEN, P.S. LANE, and JOHN DOE, in their individual capacity as Agents of the Internal Revenue Service,<br>    Defendants | * * * * * * * * * * | Adv. No. 1-04-00032 |

## OPINION

### Procedural History

Willie E. Carlisle initiated the instant adversary on February 4, 2004 by filing a Complaint by which he sought to "determine the validity of" actions previously taken by the IRS in state court and in this court. Namely, Debtor sought to challenge the "validity" of a notice of levy on income and a notice of Federal tax lien that an agent of the Internal Revenue Service (IRS) had filed in the Court of Common Pleas of Lebanon County, Pennsylvania, along with a proof of claim that another agent had filed in this Court. Each notice and the proof of claim had its roots in Debtor's failure to file a Federal income tax return for tax year 1996.

On March 11, 2004, Defendants and the IRS[1] moved to dismiss the adversary case

---

[1] The Motion to dismiss appears to assume the IRS itself is a defendant in this case, but the basis for that assumption is not substantially borne out by the pleadings. That is, while

1

pursuant to Fed.R.Bankr.P. 7012(b) and Fed.R.Civ.P. 12(b)(2), (5), and (6). Debtor responded to the motion and a hearing was held on May 11, 2004 at which time I granted the motion.[2] This Opinion is written in support of that Order.[3]

## Factual History

The factual history that underlies Debtor's complaint was set forth in Defendants' brief and was not substantively challenged by Debtor's reply to the Motion to dismiss. On March 29, 1999, Debtor was assessed income taxes accruing in tax year 1996, a year for which he did not file a tax return. The unpaid principal balance of the assessment was $9,006.34. A notice of Federal tax lien was filed in state court on September 19, 2002 and a notice of levy against Debtor's wages was served on Debtor's employer on October 27, 2003. Debtor filed the instant Petition a few weeks later in order to thwart the levy.

---

the caption of Debtor's Complaint includes the "Internal Revenue Service," that name appears to be intended as a descriptive identifier of the individual Defendants because the conjunction "and" joins the individuals to each other, but not to the IRS. Moreover, in a separate listing of Defendants contained within the body of the Complaint, Debtor names only the individuals and not the IRS. Perhaps most conclusively, Debtor's brief itself states that the IRS is not a party to this action. (Brief at page 6.) Thus, although Debtor does use the phrase "Creditor-Defendant IRS" in certain paragraphs of the Complaint, the IRS was not in fact a Defendant in this case.

[2]

Rule 12(b)(6) of the Federal Rules of Civil Procedure refers to Fed.R.Civ.P. 56, which sets for the standards by which a Motion for Summary Judgment is to be decided. Rule 56(c) provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that he moving party is entitled to a judgment as a matter of law."

[3]

I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(K) and (O). This Opinion and Order constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

AO 72A
(Rev. 8/82)

Case 1:04-ap-00032-MDF    Doc 14    Filed 05/17/04    Entered 05/17/04 10:40:26    Desc

He filed the instant adversary case on February 4, 2004.

## Discussion

Debtor filed this adversary case as well as his bankruptcy petition without benefit of counsel. Thus, his pleadings and arguments are somewhat difficult to interpret and follow. At the hearing on the motion to dismiss, he was rarely able to articulate the basis in law for the positions he espoused in his pleadings except through conclusory statements that the actions of the various Defendants were against the law or were unconstitutional, or that the Federal Statutes under which the Defendants acted were themselves unconstitutional. From the Complaint and his statements, however, it appears that Debtor seeks to challenge the very foundations of the income taxing authority of the United States government. In his Brief and at the hearing of this case, he asserted that the IRS has no authority to tax an individual's income from domestic sources, but can only tax income from foreign sources. These specious arguments may be summarily addressed.

Subtitle A of the Internal Revenue Code imposes an income tax on individuals and requires the filing of an annual tax return. 26 U.S.C. §1 et seq. When an individual fails to file a tax return "it is as if he filed a return showing a zero amount...." *Schiff v. United States,* 919 F.2d 830, 832 (2nd Cir. 1990). This results in a "deficiency" equal to the amount of the tax that was actually due. *Laing v. United States,* 423 U.S. 161 (1976). When the IRS has determined that a tax deficiency exists, it is authorized to attempt to

3

AO 72A
(Rev. 8/82)

collect the tax through proceedings in the state and Federal courts and Congress is authorized establish a tax lien to guarantee the payment of taxes. "The establishment of a tax lien by Congress is an exercise of its constitutional power 'To lay and collect Taxes'. Article I, Section 8 of the Constitution." *State of Michigan v. United States*, 317 U.S. 338, 340 (1943). This lien is not a judicial one but a statutory one. That is, it is automatically created by operation of law at the time the tax becomes assessed. 26 U.S.C. §6321, 6322. The United States is not required to file an action in state court in order to *create* the lien. The only action that is required in state court is for a *notice* to be filed to inform the taxpayer and the public that the lien exists. 26 U.S.C. §6323(a).

Debtor does not contest that the notice was filed in this case. Rather, as indicated earlier, he states that a lien was not effectively created. As it is clear that the Federal government does hold constitutional authority to impose a tax on Debtor's income, the only way in which Debtor's position would be correct would be if the tax lien had not been properly "assessed".

> A federal tax deficiency assessment is the "ascertainment of the amount due [in delinquent taxes] and the formal entry of that amount on the books of the Secretary." *United States v. Dixieline Fin., Inc.*, 594 F.2d 1311, 1312 (9th Cir.1979). In the case of a tax deficiency, "[i]f the taxpayer does not file a petition with the Tax Court within ... [ninety days from the date of the issuance of the Notice of Deficiency], the deficiency ... shall be assessed, and shall be paid upon notice and demand from the Secretary." 26 U.S.C. § 6213(c). Once an assessment has been made, the Government is entitled to pursue certain remedies, similar to those of a judgment creditor, in seeking satisfaction of the tax deficiency owed. *See Bull v. United States*, 295 U.S. 247, 260, 55 S.Ct. 695, 699, 79 L.Ed. 1421 (1935) (holding that "[t]he assessment is given the force of a judgment, and if the amount assessed is not paid when due, administrative officials may seize the debtor's property to satisfy the debt").

*U.S. v. Klimek*, 952 F.Supp. 1100, 1109 (E.D.Pa. 1997).

4

In the instant case, Debtor does not allege any facts in his Complaint that the assessment in his case was not accurate. Instead, he complains that he was not given the benefit of an abatement of the tax that was assessed against him even though he asked for one. While the Court has no evidence on the issue of whether or not an abatement was properly requested by Debtor and improperly refused by the IRS, since the IRS itself is not a party to the instant action, Debtor's averments regarding the abatement need not be addressed in this Opinion.

Finally, Debtor avers that the proof of claim filed by the IRS in his case and signed by Defendant Thomas Marsden is deficient because it is not "authenticated" under Rule 901 of the Federal Rules of Evidence. The Advisory Committee Note to Rule 3001 of the Federal Rules of Bankruptcy Procedure, which governs the filing of proofs of claims, comments, "[t]he Federal Rules of Evidence ... do not prescribe the evidentiary effect to be accorded particular documents. Subdivision (f) of this rule supplements the Federal Rules of Evidence as they apply to cases under the Code." *Quoted in, In re Chain*, 255 B.R. 278, 280 (Bankr.D.Conn.,2000), *citing, Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, (2000). In turn, Fed. R. Bank. P. 3001(f) provides: "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Thus, the proof of claim filed in this case constituted prima facie evidence of the validity of that claim. No further authentication or validation requirements were imposed on the filing of the claim. If Debtor were herein attempting to challenge the *amount* listed in the proof of claim, or some other issue of fact, then he could use Rule 901 to object to the admissibility of any unauthenticated
5

documents that the IRS would attempt to introduce. However, Debtor does not attack the accuracy of the amount listed in the claim, he attacks the basis in law for the claim. Debtor's reliance on Rule 901 of the Federal Rules of Evidence is therefore misplaced. It was for these reasons that the Court determined at the hearing that the Debtor had failed to state a claim on which relief could be granted, that there were no genuine issues of material fact and that the Defendants were entitled to judgment as a matter of law. It was on the basis of that determination that the Court dismissed Debtor's Complaint.

BY THE COURT

MARY D. FRANCE
BANKRUPTCY JUDGE

HARRISBURG, PENNSYLVANIA
DATED: May 17, 2004

6



# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIE E CARLISLE

CASE NO: 1-04-00032A

DEBTOR(S)   CHAPTER 13

## CERTIFICATE OF SERVICE

The undersigned deputy clerk hereby certifies that a copy of this document was mailed today to the parties named below at their respective addresses as shown below.

Willie E Carlisle
170 Old State Road
Jonestown, PA 17038

Ivan C Dale
US Department of Justice
PO Box 227
Ben Franklin Station
Washington, DC 20044

Nathaniel Byerly
Special Assistant United States Attorney
228 Walnut Street
Harrisburg, PA 17101

Charles J. DeHart III (Trustee)
PO Box 410
Hummelstown, PA 17036

United States Trustee
PO Box 969
Harrisburg, PA 17108

Date: May 17, 2004

_C Anthony_
C Anthony, Deputy Clerk